IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-02198

NATHAN L. PRICE, and
ADAM KOMOROSKI,

    Plaintiffs,

v.

T. EDWARD WILLIAMS, et al.

    Defendants.

---

## MOTION TO DISMISS

---

T. Edward Williams, Esq. moves to Dismiss Plaintiffs' Complaint (ECF Doc. No. 1) under Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) and states as follows:

## CERTIFICATION OF NONCONFERRAL

The Undersigned certifies that no conferral is required under D.C.Colo.LCivR 7.1(b)(2) and under this Court's Civil Practice Standards, NYW Civ. Practice Standard 7.1(a). *See* D.C.Colo.LCivR 7.1(b)(2); *see also*, NYW Civ. Practice Standard 7.1(a).

## BACKGROUND

The Undersigned represented Plaintiffs on three matters. After Plaintiffs racked up and skipped out on $567,454.93[1] legal fees and skipped out on paying that bill, Plaintiffs now sue. Plaintiffs assert four claims against the Undersigned in his individual capacity and in his capacity as "member" of Williams LLP. Plaintiffs' claims are: (a) legal malpractice; (b) breach of fiduciary duty; (c) breach of contract; and (d) unjust enrichment.[2] The common thread for all four claims is Plaintiffs' claims that the Undersigned needed to but did not file an Answer for Plaintiffs.

Plaintiffs sued on August 12, 2021, but did not attempt service on the Undersigned. On November 9, 2021, Plaintiffs submitted an affidavit from Northstar Process, see ECF No. 12, in which Plaintiffs represent they conducted a skip trace on November 8, 2021, discovered the Undersigned's "residence," and left the summons and Complaint at that address they discovered. *See* ECF Doc. No. 12. Plaintiffs do not identify the

---

[1] This amount does not include costs or interests incurred since 2018.

[2] Plaintiffs also appear to assert a claim for "direct action as to Insurance Companies with Malpractice/liability policies for Williams and or for Peyrot & Associates," but this claim is unclear and there is no such cognizable cause of action in Colorado.

individual by name but say they spoke with a woman who stated she did not know the Undersigned. The Northstar Affidavit does not state Plaintiffs obtained personal service or tried to obtain personal service. The Northstar Affidavit also does not identify any information required to obtain personal service as required by Colo. R. Civ. P. 4(e)(1).

## LEGAL STANDARD

A court must dismiss a complaint that lacks sufficient allegations to plausibly state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–1965 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). A plausible complaint provides factual content that allows a court to draw the reasonable inferences about liability. *Iqbal*, 129 S. Ct. at 1950 (quotation marks omitted). The pleader must ensure that the court can determine the plausibility of its claims from the Complaint. *Id*. Nor do courts accept conclusory allegations. *Iqbal*, 129 S. Ct., at 1949–50 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks omitted).

## ARGUMENT AND AUTHORITIES

As argued below, this Court should dismiss Plaintiffs' Complaint because Plaintiffs did not obtain personal service on the Undersigned and because Plaintiffs did not comply with—or even attempt to comply with—Fed. R. Civ. P. 8 and 10. Separately, Plaintiffs Complaint is barred because Plaintiffs have not stated a cognizable claim for legal malpractice.

Further, Plaintiffs' Complaint is barred by the economic loss rule and by the doctrine of res judicata. Finally, this Court should dismiss Plaintiffs' Complaint because Plaintiffs do not allege that venue is proper.

### A. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THEY FAILED TO SERVE IT 90 DAYS AFTER THEY FILED IT.

Fed. R. Civ. P. 4(M) requires a plaintiff to serve a complaint 90 days from filing:

> (m) TIME LIMIT FOR SERVICE. *If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.* But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

*See* Fed. R. Civ. P. 4(M) (emphasis added); *see e.g.*, *Moore v. Univ. of Kan.*, 17-CV-02359-JAR-GLR, 2017 BL 357482, *2-3 (D.

Kan. Oct. 5, 2017) (construing Fed. R. Civ. P. 4(M) and dismissing complaint for improper service and for failure to show good cause for untimely service); *accord, Smith v. Glanz*, 662 Fed. App'x. 595, 596–597 (10th Cir. 2016) (construing Fed. R. Civ. P. 4(M) and upholding the trial court's dismissal of the complaint for failure to serve).

To effect service on a defendant, a plaintiff has a choice of either following the state law in which the suit is filed; or delivering a copy of the summons and complaint to the ***individual personally***, leave a copy of the ***summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there***; or ***deliver a copy to an agent authorized by appointment or by law to receive service of process***. *See* Fed. R. Civ. P. 4(e) (emphasis added; quotation marks omitted).

As stated above, Plaintiffs filed an Affidavit of Service on November 9, 2021, in which they represent they learned of the Undersigned's residence and then dropped the summons and complaint at the door with an individaul who stated she did not know "Williams." *See* ECF Doc. No. 12. Plaintiffs' Affidavit of Service does not apply with the federal or state rules on

service of process. Although Plaintiffs' represent the Undersigned owns the property identified the Affidavit of Service, Plaintiffs do not identify the individual or individuals with whom they claimed to have left the Summons and Complaint. In any case, the Affidavit of Service does not say that the residence identified is the Undersigned's place of abode or that the Summons and Complaint—assuming both were presented—were left with someone with any connection to the Undersigned. Affidavit does not claim Plaintiffs' obtained personal serice.

Indeed, in point of fact, although the Undersigned owns real properties in Colorado, the Undersigned as not been a resident of Colorado since 2018. Because Plaintiffs' Affidavit does not comply with Fed. R. Civ. P. 4(e) or the Colorado counterpart of that rule, this Court *must*—as required by Fed. R. Civ. P. 4(M)—dismiss Plaintiffs' Complaint.

### B. PLAINTIFFS' COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8(A)(1)–(3) AND FED. R. CIV. P. 10(A)–(C).

Any competent litigator who reviews Plaintiffs' Complaint can see Plaintiffs' Complaint does not comply with Fed. R. Civ. P. 8 or 10. In fact, Plaintiffs' Complaint does not even comply

with the Local Rules in this District. Rule 8 requires that a pleading contain a short and plain statement of the claims for relief. Rule 8 provides as follows:

> **(a)** CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** *a short and plain statement of the claim showing that the pleader is entitled to relief*; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

*See* Fed. R. Civ. P. 8(a)(1)–(3) (emphasis original; emphasis added).

Fed. R. Civ. P. 10 requires the all complaints filed must include numbered paragraphs, each limited as far as practicable to a single set of circumstances:

> **(a)** CAPTION; NAMES OF PARTIES. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.
>
> **(b)** PARAGRAPHS; SEPARATE STATEMENTS. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a

>   paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

*See* Fed. R. Civ. P. 10(a)–(b) (emphasis original).

This Court need only look at Plaintiffs' Complaint to identify that Plaintiffs' Complaint is not separated into numbered paragraphs and it does not limit paragrpahs to a single set of facts.

### C. PLAINTIFFS' CLAIMS FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, AND UNJUST ENRICHMENT ARE BARRED BY THE ECONOMIC LOSS RULE.

The economic loss rule holds that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care." *Standard Bank, PLC v. Runge, Inc.*, 443 App'x 347, 349 (10th Cir. 2011); *Town of Alma v. Azco Constr., Inc.*, 10 P.3d 1256, 1262 (Colo. 2000).

As alleged in Plaintiffs' Complaint, the source of the duty for the breach of contract and for other claims are the same. See Plts' Compl. at passim. This Court should therefore dismiss Plaintiffs' claims for legal malpractice, unjust enrichment, and for breach of fiduciary duty.

### D. PLAINTIFFS DO NOT STATE A CLAIM FOR LEGAL MALPRACTICE.

The bases for Plaintiffs' malpractice claim not unclear. Plaintiffs alleged, beginning at page 8, that the "[b]ut for Williams [sic] negligence, Plaintiffs would have not have an entry of default against them in 1:18-cv-02513-JLK; [sic] and would have been able to list their defenses and counterclaims against Byline, which is no longer possible. Plts' Compl. at 8. Plaintiffs go on to allege that "[b]ased on the above, Plaintiffs demand a judgment in the amount of all attorney fees paid and still owing in association with all mitigation efforts listed above, as well as a refund of all attorney fees paid to Williams; attorney fees in association with this matter; payment of the judgment amount against Plaintiffs in 18-cv-02513 JLK; any pecuniary damages, and other damages the Court sees fit." *Id.* at 9.

Plaintiffs allegations are unclear and difficult to sift through. At first glance, Plaintiffs appear to allege that had they been able to answer, they would not have defaulted and no judgment would have entered against them. *See* Plts' Compl. at 9. But that statement cannot be true because the filing of an answer or counterclaim does not, without more, mean that the

9

party filing the answer or counterclaim will automatically prevail on the counterclaim or on the affirmative defenses in the answer. Thus, what Plaintiffs have incompetently pled as part of their legal malpractice claim is that but for the allege negligence of the Undersigned, Plaintiffs would have prevailed on their defenses and their counterclaims. *See id.* In other words, Plaintiffs must satisfy the case-within-a-case standard in Colorado Jury Instruction—Civil ("CJI") 15:19.

To allege malpractice under the case-within-a-case framework, the plaintiff must allege: (i) the plaintiff should have prevailed in the case; (ii) the plaintiff did not prevail because of the defendants' negligence; and (iii) the defendant's negligence caused the plaintiff to suffer injuries or damages. CJI 15:19.

Other than their conclusory assertions, Plaintiffs do not plausibly allege the defenses or counterclaims they they would have asserted that would have relieved them of liability to Byline Bank. *See* Plts' Compl. at *passim*. Plaintiffs are required to plead the foregoing because, long before they met the Undersigned, Plaintiffs had defaulted on the SBA loan to Byline Bank. After they defaulted, by specific language in the loan

4146-5629-3170, v. 2

documents and by SBA Regulations, Plaintiffs became personally liable to Byline Bank for repaying the loan and for paying Byline's attorney's fees and costs, if Byline incurred attorney's fees and costs in pursuing Plaintiffs. Plaintiffs must therefore allege the specific defenses and counterclaims they would have asserted and allege how those defenses and counterclaims would have relieved them of the judgment. *Iqbal* and *Twombly* require that Plaintiffs plead facts that make their claims plausible. *Iqbal*, 129 S. Ct., at 1949–50 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). Plaintiffs' Complaint does not do that and dismissal is therefore required.

This Court should also dismiss Plaintiffs' Complaint because the Undersigned was not representing Plaintiffs when the answer or counterclaim was due. As noted above, the Undersigned represented Plaintiffs and their company, Dab Drilling Inc in a separate proceeding. *See e.g.*, *Dab Drilling Inc. v. Brandon Dabovich, et al.*, 18-cv-1197-WJM-NRN ("Dab Drilling Matter"). On April 15, 2019, the parties entered into serious and final settlement discussions to resolve the Dab Drilling Matter.

After Plaintiffs and the other owners of Dab Drilling disagreed on the settlement amount, and so, the Undersigned ceased representing Plaintiffs and the other parties involved because the parties disagreed on settlement amount and because Plaintiffs had not paid the Undersigned's legal fees. The Undersigned sent Plaintiffs and the other parties letters about ceasing representation and warned Plaintiffs of the consequences of not having another attorney represent them. Plaintiffs were aware of the possibility of default being entered against them and acknowledged acknowledged the Undersigned was not representing them and stated they would look to David Prado to represent them. Thus, although Plaintiffs' Complaint alleges that "there was great confusion as to whether or not Williams was going to continue his representation or withdraw," Plaintiffs knew by April 25, 2019 that the Undersigned was not going to represent them because they had not paid the Undersigned and because Plaintiffs' settlement position created a conflict of interest. Plaintiffs' Complaint does not allege that the Undersigned had any oligation to represent them. In addition, althought he Complaint alleges Plaintiffs' paid the Undersigned "certain sums"—this

12

is false—Plaintiffs Complaint does not allege how much, when the sums were paid, and for what matter. Plaintiffs owes the Undersigned nearly $600,000.00.

Because Plaintiffs' complaint does not specify the nature and the scope of the duty the undersigned owed to them, Plaintiffs' Complaint must be dismissed. *See Allen v. Steele*, 252 P.3d 476 (Colo. 2012) (holding that there is no liability without an attorney-client relationship); *see also, Brown v. Silvern*, 45 P.3d 749 (Colo. App. 2001) (holding that an attorney who ceased representing a client was not responsible for the expiration of the statute of limitations).

Plaintiffs' Complaint should also be dismissed because Plaintiffs never provided the documents to the Undersigned that they claimed formed the bases for the answer or counterclaim. In fact, David Prado, who now represents Plaintiffs, mentioned on several occcasions that he had documents he would provided the Undersigned that would establish Plaintiffs' affirmative defenses and counterclaims. There were no such documents and most of the items Mr. Prado eventually provided did not establish that Plaintiffs were not personally liable for defaulting on the SBA loan. In fact, Plaintiffs have always

admitted to the Undersigned that they defaulted on the loan. Indeed, this was the premise of the Dab Drilling Matter—that Plaintiffs defaulted on the loan and that they were personally liable for the loan because of the actions of the conduct of Dabovichs.

### E.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IN THIS COURT IS IMPROPER.

A defendant is entitled to dismissal under Rule 12(b)(3) for improper venue. Plaintiffs' only allegation about venue is that the acts occurred in this district. That is not sufficient. In addition, that statement is false. The Undersigned was not in this district. *See* Plts' Compl. at 3.

### CONCLUSION

For these reasons, the Undersigned seeks dismissal of Plaintiffs' Complaint.

Dated this 29th day of November 2021.
New York, New York

s/ T. Edward Williams, Esq.
**T. Edward Williams, Esq.**
WILLIAMS LLP
45 Rockefeller Plaza, Ste. 2000
New York, New York 10111
Telephone: (212) 634-9106
E-mail:edward@williamsllp.com
Attorney for T. Edward Williams

**CERTIFICATE OF SERVICE**

The Undersigned certifies that on this 29th day of November 2021 he served this **MOTION TO DISMISS** was served on these individuals by CM/ECF:

David Prado, Esq.