IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-02198

NATHAN L. PRICE, and
ADAM KOMOROSKI,

    Plaintiffs,

v.

T. EDWARD WILLIAMS, et al.

    Defendants.

**RESPONSE TO MINUTE ORDER, ECF DOC. NO. 25**

On December 22, 2022, this Court issued an order, *sua sponte*, for a telephonic conference regarding the completion of the Consent/Nonconsent Form. The Undersigned would consent to the magistrate judge's hearing for this matter in total because the extant pandemic has backlogged calendars of Article III judges.

But there is one problem: the Undersigned has challenged this court's jurisdiction, and it is unclear whether executing the Consent/Nonconsent Form waives the challenge to the court's jurisdiction. The Undersigned knows that the language in Rule 12 protects against waiving arguments, but that protection

applies in other contexts. *See* Fed. R. Civ. P. 12(b)(7)("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.").

The Undersigned is also aware of the Supreme Court's holding in I*nsurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-702, 102 S. Ct. 2099, 2103–04 (1982) that litigants cannot confer jurisdiction by consent where none exists. However, in that same case, the Supreme Court clarified that ***personal jurisdiction***, because it invokes individual liberty, may be waived if the individual undertakes certain acts. *Id*. at 704–705 ("In sum, the requirement of personal jurisdiction may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue.").

The Supreme Court's opinion in *Gomez v. United States*, 490 U.S. 858, 109 S. Ct. 2237 (1989), is consistent with its holding in *Insurance Corp. of Ireland*. Although the Tenth Circuit has distinguished *Gomez*, it has followed *Gomez*. *See e.g.*, *Clark v. Poulton*, 963 F.2d 1361, 1366–68 (10th Cir. 1992); *accord*, *Thunder Mt. Cust. Cycles, Inc. v. Thiessen*, Civil Action No. 06-cv-02527-EWN-BNB, at *17-18 (D. Colo. Mar. 5, 2008) ("Objections

to service of process constitute a personal defense to a court's jurisdiction over a party and may be waived by that party").

For the foregoing reasons, and until further clarification, the Undersigned has declined to execute the Consent/Nonconsent Form. In addition, because the Undersigned has filed a challenge to the Court's jurisdiction by motion, the Undersigned will appear at the scheduled conference, but that appearance will not be a general appearance, and so, does not waive the Undersigned's jurisdictional arguments. *Thunder Mt. Cust. Cycles, Inc.*, Civil Action No. 06-cv-02527-EWN-BNB, at *18 (D. Colo. Mar. 5, 2008) ("Nonetheless, I find that, even if Defendant Thiessen appeared in Larimer County District Court, this appearance would not have constituted a general appearance sufficient to waive his personal defense to this court's jurisdiction") (citing *Barton v. Horowitz*, 1999 WL 502151, *7 n.1 (D. Colo. Mar. 11, 1999)).

Dated this 2nd day of January 2021.
New York, New York

        **RESPECTFULLY SUBMITTED,**

        <u>s/ T. Edward Williams, Esq.</u>
        **T. Edward Williams, Esq.**
        WILLIAMS LLP
        45 Rockefeller Plz., Ste. 2000
        New York, New York 10111
        (212) 634-9106
        edward@williamsllp.com
        *Attorney for T. Edward Williams, Esq.*

**CERTIFICATE OF SERVICE**

The Undersigned certifies that on this 2nd day of January 2022 he served this **RESPONSE TO MINUTE ORDER ECF DOC. NO. 25** was served BY CM/ECF on these individuals:

David Prado, Esq.
Matthew Luening, Esq.
*Attorney for Plaintiffs*

François Peyrot, Esq.
*Counsel for Peyrot and Associates, P.C.*

/s/ T. Edward Williams, Esq.